

CJ-18-5048
Timmons

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
SEP 17 2018
RICK WARREN
COURT CLERK
34_____

Scott Breitling,

    Plaintiff,

v.

Frontier Drilling, LLC,

    Defendants.

Case No. CJ-2018-

CJ-2018-5048

## PETITION

**COMES NOW THE PLAINTIFF**, and for his cause of action herein alleges and states as follows:

1. Plaintiff is Scott Breitling, an adult resident of Oklahoma County, Oklahoma.

2. Defendant is Frontier Drilling, LLC a domestic for foreign limited liability company doing business in Oklahoma County, Oklahoma.

## CLAIMS AND VENUE

3. Plaintiff's causes of action are for disability discrimination and retaliatory termination in violation of the Americans with Disabilities Act ("ADA") and the Employee Retirement Income Security Act ("ERISA").

4. Most of the acts described herein occurred in Oklahoma County and venue is proper in this Court.

1

EXHIBIT "1"

## STATEMENT OF FACTS

5. Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year and is a covered employer under the ADA.

6. Plaintiff was an employee of Defendant from approximately March 2, 2017 until his termination on or around May 8, 2017, as a floorhand.

7. On May 1, 2017, Plaintiff became covered by Defendant's health insurance as a benefit to his employment.

8. On May 8, 2017, Plaintiff experienced a heart attack on the job. As a result of this heart attack, Plaintiff was significantly impaired in the major life activities of, at least, pushing, pulling, and lifting.

9. As a result of the condition described in Para. 7, Plaintiff is a disabled individual under all three prongs of the ADA.

10. After the fact, Defendant claimed to have terminated Plaintiff's employment on the date of his heart attack.

11. When Defendant terminated Plaintiff's employment, it improperly cancelled Plaintiff's health insurance, and refused to cover Plaintiff's medical care.

12. Following his termination, Plaintiff attempted to return to work with

Defendant, and Aaron Baker, now a supervisor, agreed to rehire Plaintiff to work for Defendant.

13. Following his agreement to rehire Plaintiff, Baker notified Plaintiff he was not allowed to bring Plaintiff back to work for Defendant.

14. When he found this out, Plaintiff contacted James Lynch, safety man, to ask why he could not return. Lynch advised that Defendant would never rehire Plaintiff because his "f*cking operation cost us $100,000."

15. Plaintiff's termination and/or the failure to rehire Plaintiff were motivated, at least in part, by Plaintiff's disability, real or perceived, and/or were in retaliation for Plaintiff's request for accommodations.

16. As a result of Defendant's wrongful cancellation of Plaintiff's health insurance, Plaintiff has incurred substantial medical expenses for which he otherwise would have paid a fraction.

17. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay) and emotional distress/dignitary harm damages, as well as substantially increased medical expenses.

18. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination on July 10, 2017, via U.S. Mail. The EEOC issued Plaintiff's right to sue letter on June 21, 2018, and Plaintiff

received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

19. Discrimination based on disability and retaliation for requesting reasonable accommodations are prohibited by the ADA.

20. Under the ADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

21. Under the ADA, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

22. Under ERISA, Plaintiff is entitled to "appropriate equitable relief to redress [Defendant's] violation," 29 U.S.C. § 1132(a)(3), including at least compensation in the amount his insurance coverage *should* have paid on his medical bills.

23. The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

## PRAYER

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and postjudgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

RESPECTFULLY SUBMITTED THIS ⎯ DAY OF SEPTEMBER 2018.

/s/ Leah M. Roper

Leah M. Roper, OBA # 32107
D. Colby Addison, OBA #32718
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile:  405.703.4067
E-mail:     colby@lhllaw.com
            leah@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

5



CERTIFIED COPY
AS FILED OF RECORD
IN DISTRICT COURT
OCT 0 2 2018
RICK WARREN COURT CLERK Oklahoma County